

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RAMON MUNGIA, #1637145 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv449 |
| COLLIN COUNTY DETENTION CENTER, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ramon Mungia, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

On September 26, 2011, the Court issued an Order that Plaintiff either pay the $350 filing fee or submit a new application to proceed *in forma pauperis* with a current, certified six month history of his inmate trust fund account. He was warned that failure to pay the filing fee or submit a new application with the inmate trust fund data sheet within 30 days may result in the dismissal of the lawsuit. His payment or complete application was due by October 26, 2011. To date, the Court has not received the filing fee nor heard anything further from the Plaintiff.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay either the full filing fee or an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it in time. The Plaintiff was ordered to pay the

filing fee or submit complete paperwork that would allow the Court to assess the requisite initial partial filing fee, but he has neither paid any fee nor submitted the required paperwork, nor has he provided any excuse for such failure.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*per curiam*); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has chosen not to comply with the Court's Order in order to

proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. A dismissal without prejudice is the best option.

### Recommendation

It is accordingly recommended that the Plaintiff's complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 28th day of October, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE